UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.: 1:25-cv-23272-KMW

JOHN DOE,

    Plaintiff,

v.

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

    Defendant.
_____/

**PLAINTIFF'S *EX PARTE* MOTION FOR LEAVE TO PROCEED
UNDER PSEUDONYM AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, John Doe, (hereinafter referred to as "Plaintiff" or "Doe"), by and through undersigned counsel hereby moves *ex parte* for this Honorable Court to grant leave to proceed under the pseudonym "John Doe." In support of this Motion, Plaintiff states as follows:

**INTRODUCTION**

1. Plaintiff filed a complaint against Defendant pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. [DE 1].

2. Plaintiff is the subject of a Protective Order, which has permitted Plaintiff to file in state court under the pseudonym John Doe.[1]

3. The aforementioned Protective Order was issued to Plaintiff as a victim of domestic violence to protect Plaintiff's safety.

4. State and federal courts have previously allowed Plaintiff to file under the pseudonym,

---

[1] Due to the sensitive nature of these documents, Plaintiff is uncomfortable submitting the Protective Order and other court documents as exhibits with this Motion. Should the Court want to see these documents, Plaintiff asks that this be done via an *in camera* review.

"John Doe."

5. Using Plaintiff's true name compromises Plaintiff's safety against Plaintiff's domestic abuser. Accordingly, Plaintiff seeks to proceed under the pseudonym "John Doe."

## MEMORANDUM OF LAW

Federal Rule of Civil Procedure 10(a) provides that "[e]very pleading" must {name all the parties[.]" *In re: Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1247 (11th Cir. 2020) ("'Generally, parties to a lawsuit must identify themselves' in the pleadings.") (quoting *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992)). While not expressly permitted under Federal Rule of Civil Procedure 10(a), in exceptional circumstances courts have allowed a party to proceed anonymously. *Doe v. Megless*, 654.F. 3d 404 (3d Cir. 2011). While the Eleventh Circuit has held that Fed. R. Civ. P. 10(a) "protects the public's legitimate interest in knowing all the facts involved, including the identity of the parties" this is not an absolute rule; a party may proceed under a pseudonym only in exceptional cases. *Plaintff B v. Francis,* 631 F. 3d 1310, 1315 (11th Cir. 2011) (internal citations omitted). Under certain special circumstances, parties are permitted to use pseudonyms. *Id.* at 1320.

In the Eleventh Circuit, a totality-of-the-circumstances test is used to determine whether a plaintiff may proceed anonymously. *Chiquita*, 965 F. 3d at 1247 n.5. Under this test, a plaintiff must establish "a substantial privacy right [that] outweighs the customary and constitutionally embedded presumption of openness in judicial proceedings." *Id.* at 1247 (quoting *Francis*, 631 F. 3d at 1315-16). Accordingly, the court "should carefully review *all* the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Id.* (quoting *Plaintiff B*, 631 F. 3d at 1316). The first step in the court's analysis of determining whether to permit the use of a pseudonym is to

apply "the three-part SMU test" from *Southern Methodist Univ. Ass'n of Women Law Students v. Wynne Jaffee*, 599 F. 2d 707, 708 (5th Cir. 1979). *Francis*, 631 F. 3d at 1316. These are whether the plaintiff: "(1) is challenging government activity; (2) would be compelled, absent anonymity, to disclose information of utmost intimacy; or (3) would be compelled, absent anonymity, to admit an intent to engage in illegal conduct and thus risk criminal prosecution." *Id.* Because this three-part test is "only the first step for evaluating whether to let a plaintiff proceed to trial anonymously, courts may other factors when analyzing all the circumstances of a given case." *Id.* These include whether the plaintiff is a minor or faces a real threat of physical harm, absent anonymity. *Id.* Courts further consider whether the plaintiff's requested anonymity poses a unique threat of fundamental unfairness to the defendant. *Id.* (citations omitted).

      Here, regarding the three-part SMU test, none of the factors are applicable. This suit does not involve government activity or Doe's illegal conduct. Moreover, disclosure of Doe's real name in this ERISA lawsuit does not constitute "information of utmost intimacy," which generally involves issues of birth control, abortion, homosexuality, welfare rights of illegitimate children or abandoned families, personal religious beliefs, and some cases of explicit sexual conduct. *See Francis*, 631 F.3d at 1316, 1317; *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712–13 (5th Cir. 1979).

      Plaintiff does, however, "face[] a real threat of physical harm absent anonymity" because Doe is the victim of domestic violence. Proceeding under a pseudonym will preclude Doe's abuser from being able to track, monitor, or otherwise find and threaten or (again) physically harm Plaintiff.[2] Moreover, Plaintiff currently has a pending suit in federal court for Social

---

[2] Reference to Doe's circumstances as a victim of domestic violence—including physical harm by Doe's abuser—is documented throughout Defendant's claim file, including the medical records and statements by Doe to Defendant prior to engaging with legal counsel.

Security disability income ("SSDI") benefits and was allowed to proceed under the alias of "John Doe" due to Doe's status as a victim of domestic violence.

The last express factor is whether anonymity results in a "unique threat of fundamental unfairness" to Defendant. *See In re: Chiquita Brands Int'l, Inc.*, 965 F.3d at 1247. For example, "the mere filing of a civil action against other private parties may cause damage to their good names and reputation and may also result in economic harm." *S. Methodist Univ. Ass'n*, 599 F.2d at 713. In this case, there is no threat of fundamental unfairness to Defendant in allowing Plaintiff to proceed under a pseudonym. Defendant, a multi-billion-dollar private insurance company, will not suffer damage to its name and reputation nor suffer economic harm should Plaintiff be allowed to proceed under a pseudonym. Moreover, upon Defendant's counsel's appearance Plaintiff has no issue confidentially disclosing personal identifiers necessary such as Plaintiff's real name, claim information, and medical records—all of which can already be found in Defendant's possession in its claim file at the time of filing this suit.

WHEREFORE, Plaintiff, respectfully requests for this Court to grant Plaintiff's *Ex Parte* Motion for Leave to Proceed Under Pseudonym.

*Respectfully submitted this 22nd day of July, 2025.*

/s/ Geannina A. Burgos
Geannina A. Burgos (FBN. 113242)
nina@longtermdisability.net
Edward Philip Dabdoub (FBN. 45685)
eddie@longtermdisability.net
DABDOUB LAW FIRM, P.A.
1600 Ponce de Leon Blvd., Suite 1202
Coral Gables, Florida 33134
Tel: (305) 754-2000
Fax: (305) 754-2007
*Counsel for Plaintiff, John Doe*